# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>                        Plaintiff,<br><br>vs.<br><br>HERBERT FARRAR,<br><br>                       Defendant. | CASE NO. 09-CV-2452 JLS (POR)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND (3) SUA SPONTE DISMISSING WITH PREJUDICE**<br><br>(Doc. Nos. 2 & 3.) |

Presently before the Court are Plaintiff Grace L. Sandoval's motions (1) to proceed in forma pauperis, (Doc. No. 2) and (2) for appointment of counsel. (Doc. No. 3.) For the reasons stated below, the Court **GRANTS** Plaintiff's motion to proceed in forma pauperis, *sua sponte* **DISMISSES WITH PREJUDICE** Plaintiff's complaint, and **DENIES AS MOOT** her motion for appointment of counsel.

## MOTION TO PROCEED IN FORMA PAUPERIS

A Federal Court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a). Plaintiff reports that she is currently unemployed, and that her only source of income is a very small amount of "unemployment insurance." Her bank accounts appear to contain little money and she reports having a

1  substantially greater amount of debt.  Based on the information provided by Plaintiff, the Court
2  grants Plaintiff's motion to proceed in forma pauperis, but solely for the purpose of this motion.

### SUA SPONTE DISMISSAL

28 U.S.C. § 1915(e)(2) requires this Court to review cases in which it grants leave to proceed in forma pauperis for sua sponte dismissal.  Section 1915(e)(2) provides in part:

> "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that. . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2).  "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of plaintiff's allegations," but must "pierce the veil of the complaint's factual allegations" to determine if the claims are "fantastic or delusional," "fanciful" or "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Based on Plaintiff's pleadings, the Court concludes that this suit is patently frivolous. Plaintiff names Hebert Farrar as the Defendant in this matter, but includes only a single allegation against him.  She alleges that he "provid[ed] false documents to ex prisoners form la mesa prison, Tijuana Mexico to obtain false registered nurse titles and employment in hospitals in San Diego Courty, California."  Plaintiff's rambling and largely incoherent twenty-two page complaint also makes numerous other fanciful allegations against completely unrelated parties.  For example, Plaintiff claims that "[t]he orphans from Fallujah, Iraq are demanded to order crime and murder by many alcoholics, heroin addicts, cocaine addicts, etc. that live in San Diego County, California including the many orphans from La Mesa Prison, Tijuana Mexico that have been provided with false registered nurse titles and employment in hospitals."  She further alleges that "many illegals from Mexicali Mexico including Bonnie Domannis, (sic) Diane (sic) Fienstien, (sic) etc. to steal money from me."  The entirety of the allegations in this complaint can only be described as irrational, delusional, and wholly incredible.

1    Generally, when dismissing a complaint, "leave to amend should be granted unless the
2 court determines that the allegation of other facts consistent with the challenged pleading could
3 not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.
4 1992). In this case, however, "it is absolutely clear that the deficiencies of the complaint could not
5 be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).
6 Therefore, this case is **DISMISSED WITH PREJUDICE**.

## MOTION FOR APPOINTMENT OF COUNSEL

8    Because the Court dismisses Plaintiff's complaint with prejudice, her motion for
9 appointment of counsel is moot and therefore **DENIED.**

## CONCLUSION

11    As stated above, the Court **GRANTS** Plaintiff's motion for IFP, **DISMISSES WITH**
12 **PREJUDICE** Plaintiff's complaint**,** and **DENIES** Plaintiff's appointment of counsel motion. This
13 order ends the litigation in this case. The Clerk shall close the file.
14    IT IS SO ORDERED.

DATED:  November 13, 2009

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge